UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELIX APONTE,

                        Plaintiff,

           v.

ADA PEREZ, *et al.*,

                        Defendants.

No. 14-CV-3989 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

      On April 20, 2020, the Court partially granted and partially denied Defendants' Motion for Summary Judgment. (*See* Op. & Order (Dkt. No. 128).) The Court instructed Plaintiff to respond within 30 days of the issuance of that Opinion & Order articulating whether and why Plaintiff is entitled to more than $1 in nominal damages to compensate for any actual injury that may have occurred during a two-week period of unconstitutional detainment. (*See id.*) The Opinion & Order was mailed to Plaintiff's address on the docket. (*See* Dkt. (entry for April 23, 2020).)

      Plaintiff failed to provide a timely submission explaining why he was entitled to more than nominal damages, so the Court entered judgment for nominal damages of $1 on May 27, 2020 and closed this case. (*See* Order (Dkt. No. 129).) The Clerk of Court entered judgment on the same day. (*See* Clerk's Judgment (Dkt. No. 130).)

      On May 29, 2020, this Court received a belated filing from Plaintiff attempting to respond to the Court's earlier Opinion & Order requiring a showing of compensatory damages. (*See* Pl.'s Aff'n (Dkt. No. 131).) The Affirmation was postmarked May 21, 2020, over 30 days

after the issuance of the Opinion & Order.  (*See id.* at ECF 5.)  Nevertheless, given Plaintiff's pro se status, the Court has reviewed the submission.

  Plaintiff's submission fails to demonstrate that Plaintiff may have been entitled to more than nominal damages.  Other than once again referring to the injustice of being detained unconstitutionally and generalized "mental" and "emotional" suffering, Plaintiff has failed to allege that any actual injury occurred during the relevant two-week period of unconstitutional detainment.  As this Court has previously explained, "damages based on the abstract value or importance of constitutional rights are not a permissible element of compensatory damages in § 1983 cases, and nominal damages, and not damages based on some undefinable value of infringed rights, are the appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."  *Davis v. N.Y. State Div. of Parole*, No. 07-CV-5544, 2008 WL 3891524, at *10 n.33 (S.D.N.Y Aug. 20, 2008) (brackets and quotation marks omitted) (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308, n.11, 310 (1986)); *see also Carey v. Piphus*, 435 U.S. 247, 266 (1978) ("By making the deprivation of [procedural due process] rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury . . . ."); *Gibeau v. Nellis*, 18 F.3d 107, 111 (2d Cir. 1994) (explaining that "nominal damages are mandatory" where a "substantive constitutional violation" occurred but there was no proof of "any actual injury" (citations omitted)).

  Plaintiff also appears to seek damages under his false imprisonment claim.  (*See* Pl.'s Aff'n ¶ 4.)  However, that claim was dismissed as a matter of law in the Court's Opinion &

Order because Plaintiff's detainment was a privileged confinement.  (*See* Op. & Order 23–24.) Plaintiff may not recover any damages under that claim.

Accordingly, even after considering Plaintiff's belated Affirmation, the Court concludes that the judgment entered for nominal damages was appropriate.  This case remains closed, and the judgment will not be disturbed.

The Clerk of Court is requested to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:	June 4, 2020
	White Plains, New York	_____
	                                                  	KENNETH M. KARAS
	                                                  	UNITED STATES DISTRICT JUDGE